UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE P., <br><br>      Plaintiff, <br><br> v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>      Defendant. | Case No. 3:23-cv-06041-TLF <br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's assessments of medical opinions from the following sources: Myrna Palasi, MD; William Wilkinson, EdD; Reginald Adkisson, PhD; Bruce Eather, PhD; and Michael Regets, PhD. *See* Dkt. 15 at 3–8.[1]

Under the 2017 regulations applicable to this case, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation

---

[1] Plaintiff summarizes other parts of the medical evidence. Dkt. 16 at 6–7. But plaintiff makes no substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed in this opinion. *See id.* The Court will not consider matters that are not "specifically and distinctly" argued in plaintiff's opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

   a. Dr. Palasi

Dr. Palasi completed an opinion in May 2019 opining limitations beginning in February 2019 lasting for 12 months. AR 397–98, 400–01. The ALJ found the opinion unpersuasive because it did not address plaintiff's functioning during the relevant period. AR 33. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Dr. Palasi opined on plaintiff's functioning from February 2019 through February 2020 (*see* AR 397, 400), while the earliest date on which plaintiff could receive benefits was in July 2020 (*see* AR 19–20).

Plaintiff contends the ALJ erred by failing to address the supportability and consistency of the opinion. Dkt. 15 at 3. Yet, the issue of whether a medical opinion assessed a claimant's functioning during an irrelevant period relates to the supportability factor, rather than the consistency factor; supportability considers how "*relevant* the objective medical evidence and supporting explanations" are. 20 C.F.R. § 416.920c(c)(1) (emphasis added).

   b. Dr. Wilkinson

Dr. Wilkinson completed an opinion in March 2021 based on a review of some treatment notes and a psychological evaluation of plaintiff. AR 866–69. He opined plaintiff had marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual; maintain appropriate behavior in a work

setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 868.

The ALJ found Dr. Wilkinson's opinion unpersuasive for several reasons. AR 31–32. First, the ALJ found the opinion unsupported because it was "inconsistent with [plaintiff's] benign performance during the evaluation." AR 31. Dr. Wilkinson, however, included in his opinion a detailed description of plaintiff's symptoms based on a review of treatment records and his questioning of plaintiff. *See, e.g.*, AR 867 ("she worries a great deal, finds it hard to focus, is avoidant of others, can be restless, nervous and tense. She can have panic attacks . . . . [S]he shares betrayals, abandonments, emotionally intense relationships, with anger and fighting, and staying in bad relationships rather than being alone, feeling empty.").

The ALJ erred by focusing only on plaintiff's performance during a mental status examination and not on the supporting explanation proffered by Dr. Wilkinson – which did not depend on the mental status exam. *See* 20 C.F.R. § 416.920c(c)(1) (supportability considers both objective medical evidence and supporting explanations); *cf. Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations *without any rationale* for those conclusions" along with mostly normal examination results) (emphasis added).

Second, the ALJ found the opinion "inconsistent with medical evidence showing that [plaintiff's] mental health symptoms improved and stabilized with mental health treatment." AR 31–32; *see also* AR 29 ("the medical evidence reveals that the claimant's mental health conditions improved and stabilized with medication

1   management") (citing AR 425, 310, 837, 866–67). But "some improvement" in a
2   person's symptoms "does not mean that the person's impairments no longer seriously
3   affect her ability to function in a workplace." *See Holohan v. Massanari*, 246 F.3d 1195,
4   1205 (9th Cir. 2001).

5         To the extent the ALJ found Plaintiff's symptoms were resolved as a result of
6   treatment, such a finding was not supported by substantial evidence, considering both
7   the evidence cited by the ALJ (AR 29) and by Commissioner (Dkt. 18 at 4, citing AR
8   310, 425, 527-41, 583, 678-702, 704, 740, 742, 748-49, 765-834, 837, 866, 873-916,
9   975). Most of the cited evidence stated only that plaintiff was using medication or
10  undergoing certain therapeutic techniques without assessing the effectiveness of those
11  interventions. *See e.g.*, AR 310, 529, 536, 539, 540, 543, 583, 679, 704, 740, 742, 748,
12  749, 765–78. Some of the evidence indicated plaintiff was stable, doing better, or
13  making progress (*e.g.*, AR 683, 687, 690, 694, 698, 779 782, 808–09), but such notes
14  do not necessarily mean plaintiff's symptoms improved to such an extent that they were
15  no longer disabling. *See Martinez v. Comm'r of Soc. Sec.*, 2021 WL 2915018 at *6 (E.D.
16  Cal. July 12, 2021) ("'[F]airly stable' and 'doing well' are relative terms.") (citation
17  omitted).

18        Third, the ALJ found the opinion "inconsistent with medical evidence showing
19  that [plaintiff] regularly demonstrated a normal mood and affect." AR 32; *see also* AR 29
20  ("the claimant regularly demonstrated a normal mood and affect") (citing AR 423, 533,
21  585, 669, 727, 731, 783, 787, 822, 729, 732, 755). But plaintiff did not present with a
22  normal mood and affect at many of her appointments. *See, e.g.*, AR 119 ("mood was
23  anxious, flat and depressed"), 679 (anxious, calm), 682 (anxious, guarded), 698

(anxious, calm), 701 (anxious, depressed, worried), 778 (anxious, guarded), 781 (anxious, calm), 811 (anxious), 813 (anxious, depressed, sad), 837 (numb and anxious), 849 (euthymic-dysphoric), 857 (depressed), 869 (anxious, fearful, frustrated), 884 (anxious), 909 (anxious). The ALJ thus erred by "improperly cherry-picking" some medical evidence without acknowledging treatment notes to the contrary. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Finally, the ALJ found the opinion "inconsistent with [plaintiff's] demonstrated activities like taking care of and walking pets, cooking simple meals, performing yardwork, and shopping." AR 32. "A conflict between [an opinion] and a claimant's activity level is a specific and legitimate reason for rejecting the opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Yet the ALJ did not explain, nor can the Court discern, how such activities are inconsistent with the opined limitations. For instance, there was no evidence such activities were performed within a schedule or required regular attendance and punctuality. Nor was there evidence the activities required maintaining appropriate behavior in a work setting. Without further explanation, this was not a valid basis on which to reject Dr. Wilkinson's opinion.

In sum, the ALJ failed to provide adequate reasons supported by substantial evidence for rejecting Dr. Wilkinson's opinion. Because Dr. Wilkinson opined several work-related limitations which were not included in the RFC, this error is not harmless. *See Carmickle*, 533 F.3d at 1160.

  c. Dr. Adkisson

Dr. Adkisson completed an opinion in September 2021 based on a mental examination of plaintiff. AR 835–39. The ALJ found the opinion "partially persuasive," rejecting only three of the severe limitations Dr. Adkisson opined. AR 32.

First, the ALJ found Dr. Adkisson's "opinion regarding [plaintiff's] severe limitations with reasoning [were] not consistent with her strong performances during evaluations." AR 32; *see also* AR 29 (noting plaintiff typically presented with strong reasoning on evaluations) (citing AR 423, 669, 869, 870, 837, 838). The ALJ reasonably found such medical evidence was inconsistent with severe limitations in plaintiff's reasoning abilities, and therefore did not err in rejecting such a limitation.

Second, the ALJ found Dr. Adkisson's "opinion regarding [plaintiff's] severe limitations with adaptation [were] not consistent with her ability to take care of pets, cook simple meals, perform yardwork, and shop." AR 32. But the ALJ's finding that such activities required adaptation to changes was not supported by substantial evidence. The only evidence showing plaintiff was involved in taking care of her pets showed she simply watched them play. *See* AR 305 ("I have a friend who feeds and walks my dog for me."); 571 (saying she sometimes watches her dogs run around). Similarly, she only cooked simple meals when she "fe[lt] well enough to eat" (AR 324) and shopped only when necessary and did so as quickly as she could (AR 307, 325) suggesting she did so in a manner minimizing the stress and panic involved in shopping, which was the basis of the limitation (*see* AR 839). Although some evidence suggested she did yardwork (*see* AR 736), the Court cannot discern why such activities would require adaptation.

Third, the ALJ found Dr. Adkisson's "opinion regarding [plaintiff's] severe limitation with social interaction [was] not consistent with her ability to spend time with her significant other, shop for necessities, and interact appropriately with medical/mental health professionals." AR 32. But this limitation was based on plaintiff's "active avoidance of any social interaction, lack of contacting or communicating with others in efforts to avoid harm." AR 839. That she appropriately interacted with some providers and had a social relationship with her significant other is not inconsistent with her generally not seeking out interaction with others. Nor is there evidence she sought out social contact while shopping. *See* AR 325 ("I don't shop very often but when I do it is as quick of a trip as possible.").

In sum, the ALJ failed to provide adequate reasons supported by substantial evidence for rejecting some parts of Dr. Adkisson's opinion. This error was not harmless, as these parts of Dr. Adkisson's opinion reflected limitations not included in the RFC. *See Carmickle*, 533 F.3d at 1160.

d. Drs. Eather and Regets

State agency consultants Drs. Regets and Eather completed opinions which the ALJ found partially persuasive, finding plaintiff had some additional limitations not opined by those sources. AR 30–31. The ALJ found both opinions were consistent with evidence in the record showing some of plaintiff's conditions were improved by medication, benign and normal examination findings, and certain examination results. *See id.* Plaintiff asserts the opinions are "lacking in both supportability and consistency" (Dkt. 15 at 8) but the ALJ adequately pointed to "more than a mere scintilla" of evidence to support his conclusion, and thus, his determination was supported by substantial

evidence. *Biestek*, 139 S. Ct. at 1153; *see also Andrews v. Shalala*, 1041 ("[T]he report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (quotation omitted, emphasis in original).

**2. Plaintiff's Subjective Symptom Testimony and Lay Witness Evidence**

Plaintiff contends the ALJ failed to provide adequate reasons for rejecting her subjective symptom testimony. Dkt. 15 at 8–15. Plaintiff testified she has daily panic attacks and severe anxiety which cause her to be "constantly dizzy," that she has blackouts during the day resulting from her panic attacks, and that she has difficulties with social interaction, focus, and motivation. AR 57–58, 61. She also testified she has cardiac issues resulting from her panic attacks and anxiety. AR 61. She testified she has little communication with others. AR 65.

The ALJ found plaintiff's testimony inconsistent with objective medical evidence in the record. If supported by substantial evidence, this would be a valid reason for discounting subjective symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). The ALJ found plaintiff's testimony about her mental health symptoms inconsistent with normal mental status examinations and treatment notes demonstrating plaintiff possessed a normal mood. AR 28. However, as discussed above, this finding improperly ignored without explanation contrary evidence showing abnormal findings.

The ALJ pointed to reports of physical examinations indicating plaintiff had normal gait and intact balance and treatment notes indicating plaintiff presented as healthy, alert, and in no acute distress as being inconsistent with her testimony about her heart condition. AR 28. The Court cannot discern, without further explanation, why

findings related to plaintiff's balance, gait, or alertness were inconsistent with her testimony about her heart condition. Nor is it clear how the remaining treatment notes are inconsistent with plaintiff's testimony—general statements that plaintiff presented as "healthy" do not necessarily mean she did not have health concerns, and notations of "no acute distress" mean only that no distress was, at the time of the note, caused by a condition of recent onset.

Similarly, the ALJ rejected plaintiff's testimony about her mental impairments based on reasoning that treatment was effective at resolving those impairments (*see* AR 29) but as discussed above, this finding was not supported by substantial evidence. The Commissioner contends (Dkt. 17 at 4) the ALJ also discounted plaintiff's testimony about her heart condition because she sought conservative treatment for the condition, but the ALJ did not state this was a reason for discounting the testimony and, thus, the Court cannot affirm the decision on this basis. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, we are constrained to *review* the reasons the *ALJ* asserts.") (quotation and citation omitted).

The ALJ also disregarded plaintiff's testimony about her symptoms of dizziness and frequent blackouts because plaintiff had regularly denied dizziness during treatment and failed to mention blackouts to providers. AR 29 (citing AR 420, 423, 500–79, 674–703, 726, 730, 761–834, 874–916). This was a valid reason to disregard her testimony

about blackouts and dizziness, *see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), but was not a specific reason to disregard the remainder of plaintiff's testimony.

Finally, the ALJ found plaintiff's testimony conflicted with her activities of daily living. AR 30. Activities of daily living are a valid reason to discount plaintiff's testimony if they are either transferrable to a work setting or inconsistent with her alleged symptoms. *See Orn v. Astrue*, 495 F.3d 623, 639 (9th Cir. 2007).

The ALJ described plaintiff as having testified she "does nothing" and found this testimony inconsistent with evidence that she was taking care of her pets, cooking simple meals, performing yardwork, and shopping. AR 30. Plaintiff challenges the ALJ's interpretation of her testimony. Dkt. 15 at 11.

At the hearing, the ALJ asked plaintiff, "I hear you say . . . virtually every day, you're totally debilitated, and you can't do much of anything, then?" and plaintiff replied "yeah." AR 58. Plaintiff also responded to a question indicating she kept herself occupied during her free time with "nothing," as she does not "like any stimulation." AR 76. Neither of these statements can reasonably be interpreted as suggesting plaintiff does literally nothing at all. The first statement was qualified. The second statement suggests plaintiff did not partake in activities that are stimulating in her spare time.

Plaintiff also contends the ALJ "misrepresent[ed] the record" in finding she engaged in the activities of taking care of her pets, cooking simple meals, doing yardwork, and shopping. Dkt. 15 at 11 (citing AR 305–07). The Court agrees with some of plaintiff's contention. Although the ALJ cited to evidence plaintiff told a provider she watched her dog at the dog park (AR 30, citing AR 571), this does not necessarily mean plaintiff walked or otherwise independently cared for her pets. On the other hand,

11

plaintiff contends the ALJ's finding she did yardwork was unsupported, as she indicated in her function report that she did no chores. Dkt. 15 at 11 (citing AR 306). But a treatment note cited by the ALJ indicated plaintiff "does landscaping." AR 736.

Nevertheless, although some evidence suggested plaintiff did some work involving landscaping, there is no evidence in the record suggesting she did so frequently. Although plaintiff admitted she prepared simple meals, she indicated doing so required only microwaving "canned items" or "other simple things. AR 306. Thus, without further explanation, this was not a valid reason for rejecting plaintiff's testimony.

The ALJ also found plaintiff's testimony that she did not communicate with others inconsistent with evidence she lived with a significant other. AR 30. Plaintiff contends it is unclear whether this was true but cites no evidence to the contrary. Dkt. 15 at 11. Substantial evidence supported the ALJ's finding. *See* AR 422 (treatment note indicating plaintiff lives with others); 818 (noting boyfriend "back home"). The ALJ reasonably found this discredited plaintiff's testimony about the extent of her social limitations.

Thus, the ALJ gave clear and convincing reasons for rejecting some, but not all, of plaintiff's testimony. In particular, the ALJ failed to adequately assess plaintiff's testimony about the effect of her anxiety and panic on her focus and motivation, as well as her testimony about her heart condition. This error was not harmless, as those parts of her testimony the ALJ failed to provide adequate reasons for rejecting reflected limitations not included in the RFC. *See Carmickle*, 533 F.3d at 1160.

**3. Lay Witness Testimony**

Plaintiff also contends the ALJ erred by failing to address the lay witness statement of plaintiff's friend. Dkt. 15 at 16–17. Defendant contends the ALJ was not required to do so under the new regulations. Dkt. 18 at 14. Although the regulations specify they do not apply to evidence from nonmedical sources (*see* 20 C.F.R. § 416.920c(d)), they did not change the requirement that the Commissioner consider lay witness statements about a claimant's symptoms, daily activities, and ability to work (*see* 20 C.F.R. §§ 416.945(a)(3), 416.929(a), SSR 96-8p) which was the genesis of the germane reasons standard, *see Dodrill v. Shalala*, 12 F.3d 915, 920 (9th Cir. 1993); *see also William B. v. Comm'r of Soc. Sec.*, 2024 WL 2076837 at *6–*7 (W.D. Wa. May 7, 2024). Defendant also contends such error would be harmless because the ALJ properly articulated reasons for rejecting plaintiff's testimony (Dkt. 18 at 14) but, having found the ALJ erred in considering plaintiff's subjective symptom testimony, the Court rejects this argument.

  4. **Remand**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, plaintiff asks that the Court remand for an award of benefits based on the ALJ's errors in evaluating the medical opinion evidence and plaintiff's subjective testimony. Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical opinion evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

Plaintiff also alleges bias on the part of the ALJ against her attorney and requests the Court remand for her application to be reheard by a different ALJ. Dkt. 15 at 15–16. In support, plaintiff attaches an affidavit from her attorney. Dkt. 15-1.

According to the affidavit, since June 2022, the ALJ has issued unfavorable decisions in 28 of the 33 cases he has heard involving plaintiff's attorney and issued only partially favorable decisions in the other five. *See id.* To show bias requiring recusal, plaintiff must show "the ALJ's behavior, in the context of the whole case, was

'so extreme as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir.2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff has demonstrated such deep-seated antagonism as to warrant appointment of a new ALJ.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a *de novo* hearing.

Dated this 23rd day of August, 2024.

Theresa L. Fricke
United States Magistrate Judge