UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHELLE PRICE,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 3:23-cv-06041-TLF

ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FRCP 59(e)

Before the Court is defendant's motion (Dkt. 26) to reconsider the Court's order reversing the ALJ's decision and remanding for a new hearing before a different ALJ (Dkt. 24). For the reasons discussed below, the Court denies defendant's motion.

I.      Legal Standard

In general, a motion under Rule 59(e) is proper if it is (1) necessary to correct manifest errors of law or fact on which the judgment rests; (2) necessary to present newly discovered or previously unavailable evidence; (3) necessary to prevent manifest injustice; or (4) justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), *cert. denied*, 529 U.S. 1082 (2000)). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

II.   Background

Plaintiff filed this action seeking reversal of defendant's decision to deny disability benefits. Dkt. 4. In her opening brief, plaintiff argued that statistics showed the ALJ was compromised in the ability to be neutral with respect to plaintiff's attorney (the same attorney who represents plaintiff in the U.S. District Court review also represented plaintiff during the ALJ hearing), and the Court should remand the matter for hearing conducted by a different ALJ. Dkt. 15 at 2, 19, Dkt. 15-1.

The affidavit of counsel in support of the motion provided an accounting of the thirty-three determinations made by the ALJ since June 28, 2022, when a claimant was represented by plaintiff's attorney. *Id.* This affidavit asserted the ALJ issued completely unfavorable determinations in twenty-eight of those cases and split decisions, part-favorable and part-unfavorable, in the other five. *Id.* Based on national statistics, the affidavit stated, the probability of receiving adverse decisions in thirty-three consecutive hearings from a random ALJ was 0.00000001164% (or, about one in 8.6 billion). *Id.*

Defendant did not respond to plaintiff's issue about the specific ALJ and specific attorney, and did not make argument on either the facts alleged in the affidavit or the law cited in support of her request for a new ALJ to conduct a remand hearing. *See* Dkt. 18, Defendant's Brief. In the Reply Brief, plaintiff pointed out that the defendant's brief did not refute the argument that a remand hearing should be conducted by a different ALJ. Dkt. 22 at 10.

The Court found the ALJ erred in assessing two medical opinions, plaintiff's subjective testimony, and a lay witness statement. Dkt. 24. The Court also found a new ALJ should conduct the new hearing on remand, to avoid "a deep-seated favoritism or

antagonism that would make fair judgment impossible." *Id.* at 14–15 (citing and quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

### III. Analysis

In the instant motion, defendant argues the Court's decision about antagonism on the part of the ALJ toward plaintiff's attorney was a manifest error of law and asserts the Court should amend and remove that portion of its order. Dkt. 26. Defendant does not challenge the Court's decision to remand the case and represents that it "will assign the case to a different ALJ regardless of the Court's ruling on this motion." *See id.* at 2 n.1.

The ALJ's adverse decision rate, specifically when plaintiff's counsel was the lawyer during the ALJ hearing, supported the Court's decision that a new ALJ should conduct the remand hearing, to avoid "deep-seated favoritism or antagonism." *See* Dkt. 24 at 15. The Court's decision did not rely on either "the fact that [the ALJ] had denied [plaintiff's] claims twice" or any behavior during the hearing showing personal hostility by the ALJ towards plaintiff's attorney (plaintiff's affidavit of counsel did not argue any personal hostility, Dkt. 15-1 at 2), and therefore the Court need not address defendant's arguments related to those bases (Dkt. 26 at 2, 5–6),

Defendant argues that "the statistics regarding [the ALJ's] decision[s] do not establish bias." Dkt. 26 at 4. In support, defendant cites to unpublished Ninth Circuit cases, two cases from other circuits, and several district court cases finding that *general*

1  statistics of an ALJ's allowance rates failed to show prejudice particular to the claimant

2  challenging the ALJ's decision.[1]

3       Defendant's argument — that the record is not enough to conclude that another

4  ALJ should conduct any remand hearing — could reasonably have been raised in their

5  response brief. Therefore, this argument by the defense is improperly raised for the first

6  time in a post-decision motion to amend judgment. *Kona Enters.*, 229 F.3d at 890 ("A

7  rule 59(e) motion may not be used to raise arguments or present evidence for the first

8  time when they could reasonably have been raised earlier in the litigation."); *see also*

9  *Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001) (a "'second bite at the apple' .

10 . . is not the purpose of Rule 59") (citations omitted).

11      The court opinions that have been cited in the motion to amend judgment are not

12 binding or mandatory authority and are thus not relevant precedent for an argument of

13 manifest error. *See* Ninth Circuit Rule 36-3(a); *Teamsters Loc. 617 Pension & Welfare*

14 *Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (manifest error requires

---

[1] Most of the cases defendant cites (Dkt. 26 at 4–5) reject attempts to use an ALJ's overall allowance rate—that is, how often an ALJ grants benefits to any claimant, not just ones with an identifiable nexus to the claim at issue (e.g., who are represented by the same attorney)—to show prejudice because such evidence does not show prejudice against a particular claimant: *Putman v. Commissioner of Social Security*, 705 F. App'x 929, 936 (11th Cir. 2017) ("without some *particularized showing* of a reason for disqualification, a *generalized assumption of bias* derived from the ALJ's low approval rate is insufficient to rebut the presumption of impartiality") (emphasis added); *Smith v. Astrue*, 2008 WL 4200694, at *5–6 (S.D. Tex. Sept. 9, 2008) (finding overall allowance rate did not show the ALJ "harbored a *particular* bias against *this* claimant") (emphasis added); *Penoza v. Berryhill*, 738 Fed. App'x 435, 436 (9th Cir. 2018) ("Penoza offered 84 of ALJ Sloan's decisions on other claimant's social security disability applications, but she did not explain how these cases were selected . . . ."); *Gardner v. Kijakazi*, 2022 WL 1553178, at *1 (9th Cir. 2022) (finding the "district court did not abuse its discretion by rejecting" argument based on overall allowances as "the statistics . . . [did] not support [the claimant's prejudice] contention" and it was not evident "how the cases underlying the statistics were selected"). In another case cited by defendant, *Johnson v. Comm'r of Soc. Sec.*, 2009 WL 4666933, at *4 (D.N.J. 2009), a claimant presented evidence other claimants faced bias by a particular ALJ but did not connect those other claimants to herself. Defendant also cites to *Perkins v. Astrue*, 648 F.3d 892, 903 (8th Cir. 2011), and dicta in *Cope v. Colvin*, 2016 WL 649940, at *9 (W.D. Wash. Nov. 1, 2016), which briefly suggest statistical evidence does not show prejudice but, for this proposition, rely on *Johnson*, *Smith*, and other cases involving only general data of an ALJ's overall allowance rate.

showing "a complete disregard of the *controlling law* or the credible evidence in the record.") (emphasis added, citations omitted). The cited opinions also involve different situations than the one raised by plaintiff here: the opinions cited by defendant involved statistical evidence with no nexus to the claimant presenting it (*see supra* note 1) while plaintiff's statistical universe is limited only to those claimants represented by the same attorney as plaintiff.

The statistics argued by plaintiff might support additional inferences or interpretations; for example, the affidavit acknowledges that twenty-nine of the thirty-three decisions considered in plaintiff's attorney's affidavit were "in cases that had already been remanded at least once by the District Court" (Dkt. 15-1 at 2), where lower allowance rates might flow from the situation of multiple review cycles.

And all of this illustrates the purpose of bringing motions for recusal at the agency level so the parties have an opportunity for factfinding in that forum when allegations of bias, prejudice, or lack of neutrality are made against an ALJ and the record can be fully developed at the administrative level. *See* 20 C.F.R. § 404.940 ("If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge *at your earliest opportunity*.") (emphasis added).

In this case, the defendant did not object to the accuracy of plaintiff's affidavit or assert the defendant's prerogative to consider such allegations during the ALJ administrative hearing phase or Appeals Council review, in their response brief with this Court. Given the late-breaking arguments of the defendant in the motion to amend judgment the Court is left to make the best decision it can with the information presented. Without further context, the Court reasonably interpreted the information

asserted by plaintiff to support an inference of lack of neutrality in this specific and narrow circumstance, under the *Liteky* standard, a "deep-seated favoritism or antagonism that would make fair judgment impossible."

IV. Conclusion

For these reasons, defendant's motion for reconsideration is DENIED.

Dated this 30th day of October, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge